2013 OK 32

**STATE of Oklahoma ex rel. OKLAHOMA BAR ASSOCIATION, Complainant,**

v.

**Craig Steven KEY, Respondent.**

**No. SCBD–6000.**

Supreme Court of Oklahoma.

May 6, 2013.

### *ORDER APPROVING RESIGNATION*

¶ 1 On April 25, 2013, the Oklahoma Bar Association (Bar Association), notified the Court that the respondent, Craig Steven Key (Attorney/respondent), resigned from the Oklahoma Bar Association pending disciplinary proceedings. The disciplinary proceedings relate to: misappropriation of client funds; failure to provide accounting of settlement funds, failure to communicate with clients, conflict of interest, and committed forgery and embezzlement.

¶ 2 THE COURT FINDS:

1. The respondent has voluntarily resigned from the Oklahoma Bar Association by complying with Rule 8.1 and Rule 8.2, Rules Governing Disciplinary Proceedings, 5 O.S. Supp.2008 Ch. 1, App. 1–A.

   The respondent's affidavit of resignation reflects that: a) it was freely and voluntarily rendered; b) he was not subject to coercion or duress; and c) he was fully aware of the consequences of submitting the resignation.

2. The respondent states that he is aware of the following grievances against him:

   *DC 12–056: Grievance by James Dale Morningstar:* regarding allegations that despite repeated requests, he failed to provide his client with an accounting of $57,238.00 in settlement funds he received on the client's behalf since September of 2010. Said grievance further alleges he may have misappropriated said funds for personal use.

   *DC 12–068: Grievance by Tara Johnson:* regarding allegations that he ne-

glected client's case and failed to earn or refund a $3,500.00 retainer fee she paid on or about November 30, 2011. The grievance further alleges he failed to diligently communicate with client despite repeated requests for action or information regarding the status of case or refund of the retainer.

*DC 12–246: Grievance by the Office of the General Counsel:* regarding a report from First Bank of Chandler, received by the Oklahoma Bar Association on November 19, 2012, that client trust account had been overdrawn since October 15, 2012 in the amount of $5,482.24. Said grievance further alleges he failed to provide a written response to the inquiry to the Office of the General Counsel as required by Rule 5.2, RGDP.

*DC 13–0009: Grievance by Jennifer Savage:* regarding allegations he failed to promptly handle, account for, and safe keep settlement funds in which Accident Care & Treatment Center of Oklahoma City, OK claimed an interest. Said grievance further alleged his trust account check written to Accident Care & Treatment Center in the amount of $8,391.28 was returned for insufficient funds on January 7, 2013.

*DC 13–014 Grievance by Steven Lemar Mitchell:* regarding allegations he neglected client's lawsuit which resulted in its dismissal and that he failed to communicate with client regarding concerns about the case. Said grievance further alleges he had a conflict of interest in representing Mr. Mitchell's wife in a divorce proceeding because he had previously had a conversation with Mr. Mitchell about the possibility of representing him in the divorce wherein he divulged confidential information.

*DC 13–052: Grievance by Joseph T. Wood:* regarding allegations he neglected a quiet title suit, failed to communicate with requests for information as to the status of the matter, made repeated misrepresentations about refunding the unearned fee of $1,000.00 retainer and that he may have converted said funds to his own personal use.

*DC 13–064: Grievance by Michelle Roux:* regarding allegations he neglected her family law matter and failed to earn a $2,500.00 retainer fee.

*DC 13–065 Grievance by Steve and Wendy Mays:* regarding allegations he missed the statute of limitations on their personal injury claim, lied about settling their case, and that he gave his clients a check from his client trust account at the First Bank of Chandler (Account # 143477, Check # 1146) in the amount of $3,990.30 on October 11, 2011 and a cashier's check from First Bank of Chandler (No. B 09276 in the amount of $8,642.00) on June 12, 2012 in an effort to hide his neglect of their legal matter.

*DC 13–066: Grievance by the Office of the General Counsel:* regarding criminal charges filed against him in Lincoln County District Court Case No. CF–2013–137 alleging he committed the felony crimes of (I) Delivery of a Forged Instrument and (II) Embezzlement (See also DC 12–56, supra.)

*DC 13–067: Grievance by the Office of the General Counsel:* regarding criminal charges filed against him in Lincoln County District Court Case No. CF–2013–138 alleging he committed the felony crimes of (I) Conspiracy to Commit Larceny of Domestic Animals & Implements of Husbandry and (II) Larceny of Domestic Animals & Implements of Husbandry.

*DC 13–068: Grievances by the Office of the General Counsel:* regarding criminal charges filed against him in Lincoln County District Court Case No. CF–2013–138 alleging he committed the felony crimes of (I) Delivery of a Forged Instrument and (II) Embezzlement.

3. The respondent states in his affidavit of resignation that he is aware that the allegations of conduct, if proven, would be a violation of Rules 1.1, 1.3, 1.4, 1.5, 1.6, 1.7, 1.15, 1.16(d), 3.2, 8.1(b), and 8.4 of the Oklahoma Rules of Professional Conduct, 5 O.S. Supp.2008, Ch. 1, App. 3–A and Rules 1.3 and 5.2 of the Rules Governing Disciplinary Proceedings, 5

O.S. Supp.2008, Ch. 1, App. 1–A and of his oath as an attorney.

4. The respondent's resignation pending disciplinary proceedings is in compliance with all of the requirements set forth in Rule 8.1, Rules Governing Disciplinary Proceedings, 5 O.S. Supp.2008, Ch. 1, App. 1–A and it should be approved.

5. The official roster address of the respondent as shown by the Oklahoma Bar Association is: Craig Steven Key, 910 East 1st Street, Chandler, OK 74834.

6. The Bar Association has waived the imposition of minimal costs and the respondent asks that any costs incurred be waived in this proceeding.

IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED that Craig Steven Key resignation pending discipline be approved.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Craig Steven Key's name be stricken from the roll of attorneys. Because resignation pending disciplinary proceedings is tantamount to disbarment, the respondent may not make an application for reinstatement prior to the expiration of 5 years from the date of this order. Pursuant to Rule 9.1, Rules Governing Disciplinary Proceedings, 5 O.S. Supp. 2008, Ch. 1, App. 1–A, the respondent shall notify all of his clients, if any, having legal business pending with him within 20 days, by certified mail, of his inability to represent them and of the necessity for promptly retaining new counsel. The Bar Association has waived the imposition of costs in this proceeding.

COLBERT, C.J., REIF, V.C.J., KAUGER, WATT, WINCHESTER, EDMONDSON, TAYLOR, GURICH, JJ., concur.

COMBS, J., recused.